IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY REUBEN CARRASCO,

        Petitioner,                    No. CIV S 04-1313 FCD GGH P

   vs.

STUART RYAN, Warden, et al.,

        Respondents.             <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding with appointed counsel, has timely filed a notice of appeal of this court's March 12, 2008, denial of his application for a writ of habeas corpus. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

        As noted in the Findings and Recommendations, petitioner's court-appointed counsel failed to file an amended petition, supplemental points and authorities or a

1

1 reply/traverse, leaving the court to rely solely on petitioner's behalf on the original pro se
2 petition. Instead, only in Objections to the Findings and Recommendations did counsel
3 belatedly seek to participate in these proceedings. Now, in seeking a certificate of appealability,
4 petitioner's counsel relies solely on the objections he framed. It is within this court's discretion
5 not to consider legal theories offered for the first time in a party's objections to a Magistrate
6 Judge's proposed findings and recommendations. See generally, U.S. v. Howell, 231 F.3d 615,
7 622 (9th Cir. 2000). However, in this instance, the court elected to consider the objections, and
8 notes that counsel for petitioner therein oversimplifies the detailed analysis provided in the
9 Findings and Recommendations as to the claims articulated by petitioner, wherein the court
10 liberally construed and addressed the grounds of each of his claims.

11 For example, the court did not, as petitioner's counsel contends, simply conclude
12 that petitioner's trial counsel was not ineffective for failing to present a diminished capacity
13 defense, but also directly confronted the contention that the trial attorney was ineffective for not
14 having presented extrinsic voluntary intoxication from which a jury might infer that petitioner
15 did not have the requisite intent to murder his step-daughter. See Findings and
16 Recommendations, pp. 12-21. Petitioner's counsel's assertions that "the definition of
17 unconsciousness is far from clear under California law," and that the Magistrate Judge's
18 conclusion that petitioner needed to show he was "'legally unconscious' when he forced his step-
19 children to drink the bleach" (Objections, pp. 2-3) was erroneous are not adequately supported
20 by any case authority or statute counsel cites.

21 Petitioner's counsel's remaining objections to two of the other claims - - - claim
22 2, that insufficient evidence supported the second degree murder conviction for Alexia's death
23 and claim 3, that insufficient evidence supported petitioner's conviction, with regard to Jessica,
24 for torture and infliction of great bodily injury - - - are even less substantive and lack a colorable
25 foundation.

26

Therefore, for the reasons set forth in the magistrate judge's December 6, 2007, findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this action.

IT IS SO ORDERED.

DATED: April 22, 2008.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE